IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JULIE PERRY, | ) | Civil Action No.: 3:20-cv-00151-JCH |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONRO, INC. | ) | |
| Defendant | ) | MARCH 13, 2020 |

## JOINT 26(f) REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed:   January 2, 2020 (state court)

Date Complaint Served:   January 13, 2020

Date of Defendant's Appearance:   January 30, 2020 (state court)

Date Defendant's Answer Filed:   February 10, 2020

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on March 4 and March 10, 2020. The participants were: Bryan Fiengo for Plaintiff Julie Perry and Kevin Greene for Defendant Monro, Inc.

I.   **CERTIFICATION**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.   **JURISDICTION**

   A.   **Subject Matter Jurisdiction**

The Court has jurisdiction over this matter under 28 U.S.C. §1332, diversity of

citizenship. Jurisdiction is not contested.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASE

### A. Claims of Plaintiff

As set forth in the Complaint, Plaintiff claims she was hired in June 2018 as a sales manager at the Monro-New London store. Plaintiff claims she approached the Monro-New London store manager Bob Schmidt about alleged consumption of alcohol on the job, and that Mr. Schmidt was dismissive of her. Plaintiff further claims Mr. Schmidt cursed at her and shoved her. Plaintiff claims she reported Mr. Schmidt's conduct to Human Resources, and that she was compelled to reconcile with Mr. Schmidt by District Manager Mangassarian. Plaintiff claims she was further cursed at and restrained by Mr. Schmidt and was sexually harassed. Plaintiff alleges she again complained and was then transferred to the Monro-Niantic store. Plaintiff alleges that the store manager of the Monro-Niantic store, Mr. Morgan, told her that Mr. Mangassarian hated her, and she alleges the mechanics in the store did not speak to her. Finally, Plaintiff alleges that she was terminated in April 2019.

Plaintiff claims that the foregoing allegations constitute gender/sex discrimination, sexual harassment, retaliation, and intentional infliction of emotional distress, all brought under Connecticut law.

### B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendant

Defendant denies each and every one of Plaintiff's allegations and claims. Neither Mr. Schmidt nor Mr. Mangassarian engaged in inappropriate conduct toward Plaintiff.

Plaintiff did not complain of sexual harassment, and, further, she requested to meet with Mr. Schmidt and to transfer to the Monro-Niantic store. Finally, Plaintiff, who was a poor performer and received numerous warnings for her poor performance, walked off the job. Defendant denies Plaintiff was sexually harassed, discriminated or retaliated against, or subject to intentional infliction of emotional distress.

## IV.     STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

- Ms. Perry was employed by Monro.
- Ms. Perry worked at the Monro-New London store.
- Ms. Perry worked at the Monro-Niantic store.

## V.     CASE MANAGEMENT PLAN

### A.     Initial Disclosures

Initial disclosures will be served by April 3, 2020.

### B.     Scheduling Conference

The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

### C.     Early Settlement Conference

1.     The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely.

2.     The parties do not request an early settlement conference.

3.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

### D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.   The parties should be allowed until July 2, 2020 to file motions to join additional parties and to file motions to amend the pleadings.

### E. Discovery

The parties anticipate that discovery will be needed on the following subjects:

#### Plaintiff's anticipated subjects of discovery:

a.   Defendant's treatment of the Plaintiff while at the Defendant's facility;

b.   Communications between and among Defendant's agents and/or employees related to the plaintiff;

c.   Measures taken to investigate the Plaintiff's complaints and/or to remediate the impact of discrimination/harassment aimed at the plaintiff;

d.   Basis for employment decisions involving the plaintiff;

e.   History of harassment, discrimination and maltreatment by perpetrators identified in the Plaintiff's complaint;

f.   Communications to the Plaintiff's subordinates with regard to her authority and/or ability to manage service areas;

g.   Defendant's policies and procedures with regard to discrimination, harassment and employee discipline; and

h.   Plaintiff reserves the right to conduct discovery based upon any additional facts discovered, and reserves the right to make any appropriate objection to discovery.

## Defendant's Anticipated Discovery

a. Documents/ testimony regarding Plaintiff's experience and performance at Monro-New London;

b. Documents/testimony regarding Plaintiff's experience and performance at Monro-Niantic;

c. Documents/ testimony regarding Plaintiff's alleged physical and emotional distress;

d. Documents/testimony regarding Plaintiff's mitigation of damages;

e. All matters relevant to expert witnesses retained by the parties and such expert(s)' opinions; and

f. Defendant reserves the right to conduct discovery based upon any additional facts discovered and reserves the right to make any appropriate objection to discovery.

## Discovery Deadlines

1. Discovery will be conducted in phases in that expert discovery will begin upon completion of fact discovery.

2. All fact discovery will be completed by January 22, 2021.

3. The parties anticipate that the plaintiff will require no more than a total of seven (7) depositions of fact witnesses and that the Defendant does not anticipate requiring more than a total of seven (7) depositions of fact witnesses, including plaintiff.

4. At this time, the parties do not anticipate requesting permission to serve more than 25 interrogatories.

5. Plaintiff may call expert witnesses at trial. Defendant may call expert witnesses at trial.

   a. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which he bears the burden of proof by February 26, 2021. Depositions of any such experts will be completed by March 26, 2021.

        b.      Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which it bears the burden of proof by April 23, 2021. Depositions of any such experts will be completed by May 21, 2021.

6.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by October 16, 2020.

7.     Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

Counsel for all parties will instruct their clients to preserve electronically stored information on existing servers in their respective possession, custody and control related to the discovery issues listed above. Counsel for the parties will confer in response to specific discovery requests regarding the form in which electronically stored information will be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, and the allocation of costs of assembling and producing such information.

Unless the parties agree otherwise, and unless warranted by the special request of one party upon the others, each of the parties shall cover its own discovery expenses.

Unless the parties agree otherwise on an as needed basis, electronic files shall be produced in PDF format. Audio and video files shall be produced in native format.

### F.   Other Scheduling Issues

The parties do not currently foresee any other scheduling issues pertinent to this case.

### G.   Summary Judgment Motions

Summary Judgment motions will be filed on or before June 18, 2021.

### H.   Joint Trial Memorandum

The joint trial memorandum will be filed sixty (60) days after ruling on Summary Judgment and other dispositive motions, or as otherwise ordered by the Court.

## VI.   TRIAL READINESS

The case will be ready for trial two weeks after the joint trial memorandum is filed. As officers of the Court, undersigned counsel agrees to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,
JULIE PERRY

By:___/s/_____
    Bryan P. Fiengo
    Fed. Bar No. ct27346
    Suisman, Shapiro, Woll, Brennan, Gray &
    Greenberg, P.C.
    2 Union Plaza, Suite 200
    P.O. Box. 1591
    New London, CT 06320
    (860) 442-4416
    (860) 442-0495 Fax
    bfiengo@ssswbgg.com

and

DEFENDANT,
MONRO, INC.

By: /s/ Kevin J. Greene_____
    Kevin J. Greene
    Fed. Bar No. ct16742
    HALLORAN & SAGE
    225 Asylum Street
    Hartford, CT  06103
    (860) 522-6103
    (860) 548-0006 Fax
    greene@halloransage.com

## CERTIFICATION

This is to certify that on the 13th day of March, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Kevin J. Greene
Kevin J. Greene

637462lv.1